UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-102-R

JEFFREY WAYNE HALE                                                    PLAINTIFF

v.

EXCELL MARINE CORPORATION                                        DEFENDANT

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion for Partial Summary Judgment to Compel the Payment of Maintenance and Cure Benefits (Docket #8). Defendant has failed to respond. This matter is ripe for adjudication.

Plaintiff, Jeffrey Wayne Hale ("Hale"), worked as a deckhand aboard the M/V *Capt. Dick Morton*, owned by Defendant, Excell Marine Corporation. Defendant operates its vessels on the inland rivers of the United States, including the Ohio River. Hale claims that on February 5, 2007, he was injured when he fell on ice on the deck of a barge in tow of the M/V *Capt. Dick Morton*. In his Complaint, Hale claims negligence under the Jones Act, 46 U.S.C. §30104, formerly 46 U.S.C. App. §688, unseaworthiness, and maintenance and cure. Hale now contends that partial summary judgment is appropriate because there is no question of fact concerning his right to maintenance and cure.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and

draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric*, 475 U.S. at 587.  The non-movant must present more than a mere scintilla of evidence in support of his position; the non-movant must present evidence on which the trier of fact could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Maintenance and cure is a form of relief unique to maritime law that is "designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). A shipowner's obligation to provide maintenance and cure is broad, and ambiguities are to be resolved in favor of the seaman. *Id.*

The duty to provide maintenance and cure does not depend on a shipowner's negligence or culpability, nor must the seaman's employment have caused his injury. *Calmar S. S. Corp. v. Taylor*, 303 U.S. 525, 527-28 (1938); *Stevens v. McGinnis, Inc.*, 82 F.3d 1353,1356-57 (6th Cir.

1996).  To recover for maintenance and cure, a plaintiff must prove that (1) he was working as a seaman, (2) he became ill or injured while in the vessel's service, and (3) he lost wages or incurred expenditures relating to the treatment of the illness or injury.  *West v. Midland Enterprises, Inc.*, 227 F.3d 613, 616 (6th Cir. 2000) (citing *Freeman v. Thunder Bay Transp. Co.*, 735 F.Supp. 680, 681 (M.D.La.1990)).  Only a seaman's willful misconduct or deliberate misbehavior relieves a shipowner of his maintenance and cure duty.  *Rodriguez Alvarez v. Bahama Cruise Line, Inc.*, 898 F.2d 312, 314 (2d Cir. 1990).

Hale provides documentation of his medical treatment and expenditures pertaining to his injury.  Defendant does not dispute that Hale was injured while in service of the ship or that maintenance and cure would be inappropriate due to Hale's misconduct or misbehavior.  Accordingly, the Court finds that, as a matter of law, Hale is entitled to maintenance and cure benefits.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Hale's Motion for Partial Summary Judgment is **GRANTED.**